USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9|19|2012

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-v-

TODD NEWMAN, *et al.*,

　　　　　　　　Defendants.

No. 12 Cr. 121 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

　　On August 30, 2012, the Court directed the Government to respond to Defendants' request for (1) a revised Bill of Particulars describing the Government's case in greater specificity and (2) an adjournment of trial until January 2013. The Court is now in receipt of the Government's response, dated September 6, 2012, and Defendants' reply, dated September 7, 2012. In light of those submissions, and for the reasons discussed below, Defendants' requests are denied.

　　As stated in Defendants' August letter, the crux of their objection to the final Bill of Particulars is that it fails "to provide specificity as to the dates when any alleged inside information was obtained or received." The final Bill of Particulars states only the quarters during which the information was obtained or received, and Defendants seek more precise dates, or at least date ranges. The Court is sympathetic to Defendants' objections; it doubtless would be better for all sides if the Government *could* pinpoint the dates more exactly. However, the Government insists that, based on the currently available evidence, it cannot. With regard to the Dell-related information, the Government stated in its letter dated September 6:

> Given the recollection of witnesses, the Government is unable to pinpoint with any greater specificity precisely when Goyal started receiving Insider Information from the Dell Insider—whether the last quarter in 2007 or the first quarter in 2008.

With regard to the other stocks for which Defendants complained about the lack of specificity, the Government stated that it "has provided the level of specificity that it is able to provide based on the evidence." And with regard to the Sun-related information, the Government stated that "the anticipated testimony does not allow the Government to present a more specific time frame."

The Government offered a similar explanation for the fact that the Bill of Particulars did not identify the source of the information or the benefit to the source with respect to the Volterra, PMC Sierra, and Ingram Micro stocks:

> [T]he Government has not disclosed the identities of the original company insiders who disclosed the information because the Government does not know their identities. If the Government learns their identities, we will provide that information to the defendants promptly.

Thus, in sum, Defendants' request for a revised Bill of Particulars reflects a fundamental miscommunication between the parties. The Defendants insist they require more information, while the Government insists it has provided everything it has. The Government's position is typical of such cases. Cooperators often do not know information with specificity. Therefore, it is impossible for the Court to grant Defendants what they seek. Defendants may address the witnesses' lack of knowledge and/or recollection in challenging their credibility at trial, but with regard to the Bill of Particulars, Defendants' request is HEREBY DENIED.

In light of the foregoing, IT IS FURTHER ORDERED THAT Defendants' request for an adjournment is DENIED. The pre-trial schedule established by Order dated June 29, 2012 remains in effect. The Government shall submit its motions in limine, any 404(b) notice, its proposed witness and exhibit lists, and any expert reports by September 21, 2012. Defendants shall respond to the Government's motions in limine and submit their own motions in limine, proposed witness and exhibit lists, and any expert reports by October 3, 2012. The Government

shall respond to Defendants' motions in limine by October 12, 2012.  And by October 18, 2012, the Parties shall submit a joint proposed voir dire and request to charge.

SO ORDERED.

Dated:   September 19, 2012
         New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE