# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9\21\2012
```

August 30, 2012

Via E-mail

The Honorable Richard J. Sullivan
United States District Judge
Southern District of New York
500 Pearl Street, Room 640
New York, NY 10007

      Re:    *United States v. Newman, et al.*, S2 12 Cr. 121 (RJS)

Dear Judge Sullivan:

      We represent defendant Jon Horvath in this matter. We write on behalf of all defendants to request (1) an order directing the government to cure the serious deficiencies in the Final Bill of Particulars it filed last night, and (2) a modest adjournment of the trial in light of the substantial broadening of the case reflected therein.

**1.    The Final BOP Is Substantially Broader, But Inadequately Specific.**

      The government filed its Initial Bill of Particulars on May 14, 2012, and a Supplemental Bill of Particulars on July 31, 2012. The Final BOP reflects that the government intends to try a much broader case than it had previously indicated in these initial disclosures. In particular:

- The number of stocks about which the defendants are alleged to have obtained or received inside information has nearly doubled. The Final BOP identifies for the first time six new stocks, bringing the total to 13. One of those stocks – TE Connectivity Ltd. – was not even on the list of 35 potentially relevant stocks the government identified in its April 9, 2012 letter;

- The number of alleged trades made on the basis of inside information has also increased substantially. In Dell – the primary stock at issue in this case – the government had previously identified alleged insider trading in two consecutive quarters; it now identifies trading in five quarters spanning almost

The Honorable Richard J. Sullivan -2-

two years. In Nvidia, the government now alleges that Mr. Horvath's employer (Sigma Capital) also traded in this stock.[1] And the government asserts that it will offer proof of additional (albeit unspecified) trades in four more stocks: Sun, Intel, Texas Instruments, and TSMC, as to which it provides no specific information.

- Four additional individuals have been identified for the first time as members of the conspiracy; and

- Three entirely new sources of alleged inside information have been identified.

Yet despite this broadening, the Final BOP falls woefully short of providing the particularity that the Court ordered and that the government previously undertook to provide. At the June 28, 2012 conference, the Court was clear in directing the government to identify with specificity the nature of the inside information alleged to have been obtained and/or traded on and the dates when that information was provided or obtained. This was essential to provide appropriate notice to the defendants, given the enormous amount of discovery involved in this case, and the fact that the defendants, as professional analysts and portfolio managers, were constantly communicating information about numerous technology companies, including those identified as part of the conspiracy. As the Court held:

> THE COURT: And I do think *what information and when it was passed* is really crucial here. The government may not know whether trades were done on it or not. But it would seem to me that *the date of the information and the nature of the information* will be pretty central in figuring out when illegal trades took place, if it did. (Tr. 81 (emphasis added).)

> THE COURT: I know what they've asked for, which is the nature of the information and the timing of the information, because if it spans four or five or six quarters, that does create some problems. So from what you've shown me here, it's not clear to me, at least, whether the earnings information for Dell is in one particular quarter or one particular year. Same for Altera. So maybe there's no mystery about this, maybe everybody knows. I don't know off the top of my head, *so I'm not sure what the difficulty is just saying in, you know, Q4 of 2009 . . . I don't see why that's so difficult. If it's more specific, it's clear that you're talking about information that was passed in the second half of February, I don't see why that wouldn't be appropriate.* I don't think there has to be more than that. I don't think a bill of particulars needs to

---

[1] Sigma's Nvidia trade was identified for the first time in the Superseding Indictment returned the day before yesterday.

The Honorable Richard J. Sullivan                                                                                                  -3-

> be obviously the trial script. I don't think anybody is arguing that; if they are, they would lose. (Tr. 88 (emphasis added).)

The government has not come close to complying with this directive. Instead, it fails entirely to provide specificity as to the dates when any alleged inside information was obtained or received. For example, the Final BOP states:

- [Dell Insider 1] provided confidential information pertaining to Dell *in or about late 2007 through in or about August 2009;*

- [Nvidia Insider] provided confidential information pertaining to Nvidia *from in or about 2008 through in or about 2009;*

- [Volterra Insider] provided confidential information pertaining to Volterra *from in or about 2008 through in or about 2009;*

- No date information at all with respect to information relating to Sun Microsystems.

These date ranges, which at best track the allegations of the Indictment, are not particular and do not provide what the Court correctly viewed as essential notice to the defendants. In a case where the defendants may have regularly received information about all of these companies – including perhaps from the sources the government has identified – and where the fact that information is purportedly "inside information" is not necessarily apparent on its face, it is essential that the timing of disclosure of the alleged inside information be provided so that the defense can properly identify what the government contends was illegal inside information. And, as the Court, recognized, where the government has not identified the trades it alleges were illegal, the timing of the alleged disclosures are essential to allow the defense to identify relevant trading.

The Final BOP is deficient in other respects for omitting critical information that we understood the government had committed to provide:

- No information at all is provided about the alleged nature of the inside information, the timing, the inside source, or the personal benefit conferred with respect to TE Connectivity Ltd.;

- No information is provided with respect to the alleged inside sources of information with respect to Volterra, PMC Sierra, or Ingram Micro, or any personal benefits provided to such sources; and

- As noted above, no dates are identified for relevant trades in Sun, Intel, Texas Instruments, and TSMC.

The Honorable Richard J. Sullivan                                                                -4-

          In view of the foregoing, the Court should order the government to provide the missing particularity forthwith.

**2.    The Court Should Adjourn The Trial To January 2013.**

          We respectfully request that the Court adjourn the trial until January 2013. We recognize that the Court denied our request for an adjournment in June, when the government filed its Initial Bill of Particulars and identified six stocks as part of the conspiracy in this case. At that time, however, there were four months remaining before the start of trial. We have been working diligently to prepare to defend against charges relating to these stocks.

          Now, however, just eight weeks before the start of trial, the government has essentially doubled again the size and scope of this case.[2] The defendants and their counsel have been placed in the untenable position of having to try to master a huge universe of additional relevant discovery material – without the particularity the Court ordered be provided – and to investigate and prepare a defense to what amount to wholly new charges with respect to six new stocks. And this must be completed in the midst of other pressing pre-trial matters, such as briefing *in limine* motions, preparing requests to charge and voir dire, reviewing 3500 material and government exhibits, and preparing expert and other defense disclosures. These difficulties are not just burdens on counsel, but on the defendants themselves, who are entitled to have sufficient time to review the evidence and assist in the preparation of their respective defenses.

          We also believe the proposed adjournment will allow for continuity of trial. We believe that the government's previous estimated length of the trial is entirely unrealistic given the expanded scope of its allegations and the time that will be needed to defend against them. The case as described in the Final BOP now includes 13 stocks, at least six cooperating witnesses (and potentially many other witnesses listed in the Final BOP), and trading activity spanning over two years. Such a trial against three defendants will easily require two to three months, which means that it will certainly run past Thanksgiving, and very likely will not be concluded before the Christmas holidays. We believe that beginning the trial in January will avoid the need for extended breaks and concomitant disruption that will now be inevitable.

---

[2] The government reserved the right to identify additional stocks in its Final BOP. Of course, there was nothing the defense could do to prepare to address them until it received particularity with respect to those new stocks. And the defense indicated that depending on the content of the Final BOP, it might seek additional time.

The Honorable Richard J. Sullivan -5-

      Finally, even if the adjournment is granted, this matter will still proceed to trial less than one year following indictment. Given the size, scope, and complexity of this case, that would still be a swift track.

      We have addressed these requests with the government, which advises that it opposes them.

      We would of course be happy to appear to discuss this matter with the Court as soon as Your Honor is available.

Respectfully submitted,

*[signature]*

Steven R. Peikin
Karen Patton Seymour

cc:    All Counsel of Record (by e-mail)