# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  9|21|2o12
```

September 7, 2012

Via E-mail

The Honorable Richard J. Sullivan
United States District Judge
Southern District of New York
500 Pearl Street, Room 640
New York, NY 10007

> Re: *United States v. Newman, et al.*, 12 Cr. 121 (RJS)

Dear Judge Sullivan:

We write in response to the government's September 6, 2012 letter regarding the bill of particulars and the trial date in this matter. The government contends that the scope of this case is more narrow than would be suggested by the bill of particulars because the government intends to self-limit the evidence it will introduce concerning the 11 stocks identified in the bill of particulars, other than Dell and Nvidia. As explained below, we believe the government's decision to confine the case after having given notice of extraordinarily broad charges is illusory and does not take into consideration the defendants' rights and obligations to vigorously defend themselves as to each and every stock the government argues is the basis for a criminal violation.

## 1. Scope of Particulars

The government argues that the scope of the trial will not be as broad as defendants contend because the evidence concerning the eleven stocks identified in the bill of particulars other than Dell and Nvidia will be "more limited" and will "consume a considerably smaller portion of the Government's case in chief." (Gov't Ltr. at 2). What is striking about these statements is that, while the government now acknowledges that it intends to limit substantially the evidence it will offer as to the eleven stocks, it refuses to inform the defendants with any particularity what the more limited evidence will be. It is little comfort to defendants to know that the government will confine its proof at trial if the defendants nevertheless have to prepare for the extraordinarily broad scope of conduct outlined in the bill of particulars. By way of example only, the government has informed defendants that with regard to the alleged material, nonpublic information provided by PGR consultants, the time periods involved can be determined "by the emails sent by [cooperating witnesses] Tortora, Adondakis and others memorializing the conversations with those consultants." (BoP p.6). The massive discovery materials provided in this case included literally hundreds of communications in which the

The Honorable Richard J. Sullivan -2-

defendants and the analysts discussed information obtained from each of the PGR consultants and many thousands more in which they discussed potentially relevant information about the companies at issue obtained from other sources. For the government to now say that it will limit its proof at trial is of no assistance to the defense unless the government discloses with far more particularity what the purportedly more limited scope of proof will be. Moreover, the government's contention that it has satisfied this Court's directive to provide specific time periods during which the alleged inside information was passed is disingenuous given that, for most of the stocks identified in the bill of particulars, the government has merely identified a time period that tracks the two-year period identified in the Indictment (and, in some cases, has identified time periods outside that two year period). Accordingly, the government should be required to provide with additional particularity the specific time periods and content of alleged inside information that it intends to offer at trial.

## 2. Length of Trial and Trial Date

The government says that its case in chief will last four weeks, apparently assuming that the government will not call alleged tippers or other witnesses from most of the companies identified in the bill of particulars, other than Dell and Nvidia. The government caveats this representation in a footnote, however, indicating that it may call such witnesses "if necessary to respond to arguments made by the defendants during cross-examination of the Government's witnesses or in the defense case." (Gov't letter, footnote 1). The defense intends vigorously to contest each and every allegation of insider trading whether or not the government views the particular stock at issue as a "focus" of its case. If the government asserts at trial that the eleven stocks they have deemed outside the core of its case were part of a conspiracy, the defense will argue as to each and every one of those eleven stocks that the information at issue does not constitute material non-public information and, with regard to many of the stocks, was not disclosed in breach of a fiduciary duty and in exchange for a personal benefit. We take it from the caveat in the government's letter that the defendants' choice to actually defend against these eleven stocks will prompt the government to call corporate representatives and other witnesses from the eleven companies. Under these circumstances, the government's four-week estimate for its case in chief is entirely unrealistic. An adjournment until early January 2013 is appropriate to allow the defense to prepare for the inevitably broad scope of trial and to avoid the need for extended breaks and delays over the holidays.

Respectfully submitted,

Steven R. Peikin /KCF

Steven R. Peikin
Karen Patton Seymour

cc: All Counsel of Record (by e-mail)