UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                        :
UNITED STATES OF AMERICA                :
                                        :    S2 12 Cr. 121 (RJS)
    - v. -                              :
                                        :
TODD NEWMAN and                         :
ANTHONY CHIASSON,                       :
                                        :
                    Defendants.         :
                                        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## GOVERNMENT'S RESPONSE TO DEFENDANT TODD NEWMAN'S RENEWED MOTION FOR SEVERANCE

PREET BHARARA
United States Attorney for the
Southern District of New York
Attorney for the United States
     of America.

ANTONIA M. APPS
RICHARD C. TARLOWE
JOHN T. ZACH
JOSHUA A. NAFTALIS
Assistant United States Attorney

## PRELIMINARY STATEMENT

The United States respectfully submits this response to defendant Todd Newman's renewed motion for severance, or in the alternative, for an order precluding defendant Anthony Chiasson from entering into evidence hundreds of emails showing the communication of company-specific information to Mr. Newman. *See* Memorandum Of Law Of Def. Todd Newman In Support of Renewed Mot. For Severance, filed Oct. 9, 2012 ("Newman Mem.").

Newman's motion states that Chiasson intends to introduce more than 1,000 emails that were circulated among the Analyst Coconspirators, including cooperating witnesses Jesse Tortora and Sam Adondakis, but that were not forwarded to Chiassion. Chiassion also seeks to offer through a summary witness a statistical summary of the volume, recipients and contents of the emails. Newman Mem. at 1. The purpose of the emails and summary evidence, according to Chiasson, is to show that Adondakis did not forward certain incriminating emails to Chiasson and, therefore, Adondakis concealed that information from Chiasson. *See* Def. Anthony Chiasson's Response to Def. Todd Newman's Renewed Mot. For Severance, filed Oct. 12, 2012 at 1 ("Chiasson Mem.").[1] Newman contends he will suffer undue prejudice as a result of Chiasson's offer of this evidence because the emails *were* forwarded to Newman.

As set forth in more detail below, the Government is not able to take a position as to the admissibility of the emails that Chiasson seeks to offer or any summary evidence about those emails because the Government has been provided with neither. Newman states that the emails have been produced to the Government as part of the defendants' exhibits, but the defendants jointly produced over 6,000 exhibits to the Government, without any indication as to which

---

[1] Whether or not the jury should infer from the fact that certain emails were not forwarded by Adondakis to Chiassion that Adondakis *hid* that information from Chiassion is a matter for argument by counsel at the conclusion of the case. The Government assumes that no summary witness to be presented by Chiassion will offer such argumentative testimony, which would be improper.

1

defendant will seek to offer which exhibits, or which exhibits form the basis of any summary chart. Nor has Chiasson provided the actual summary chart(s) that Newman is concerned about, or any offer of proof as to what a summary witness may say about the underlying emails. Since the Government is in the dark as to what exhibits Chiassion in fact seeks to offer, or for what purposes those exhibits may be offered during the course of Chiasson's cross-examination of the Government's witnesses, the Government cannot take a position at this stage as to whether the documents and summary testimony constitute admissible evidence.[2]

## ARGUMENT

Even assuming the evidence is admissible, its admission at trial does not warrant severance. Under Federal Rule of Criminal Procedure 14, a defendant seeking severance faces an "extremely difficult burden." *United States* v. *Casamento*, 887 F.2d 1141, 1149 (2d Cir. 1989). The fact that one defendant offers a defense theory (or evidence to support it) that may be "antagonistic" to, or "irreconcilable" with, a co-defendant's defense theory does not require severance under Rule 14. *Zafiro* v. *United States*, 506 U.S. 534, 538 (1993) ("Mutually antagonistic defenses are not prejudicial *per se*."); *United States* v. *Escobar*, 462 Fed. Appx. 58, 2012 WL 492839, *6 (2d Cir. Feb. 16, 2012) (same).

Severance should be granted "only if there is a serious risk that a joint trial would compromise a specific right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539; *see also United States* v. *Salameh*, 152 F.3d 88, 116 (2d Cir. 1998) (severance only appropriate where the defendant makes "a factual demonstration that acceptance of one party's defense would tend to preclude the acquittal

---

[2] The emails may be offered by Chiassion for a non-hearsay purpose, or may be hearsay evidence permitted pursuant to an exception to the hearsay rule. Additionally, the Government cannot comment on the relevance of any particular email without seeing the email and the context in which Chiassion intends to offer it.

2

of the other"); *United States* v. *Villegas*, 899 F.2d 1324, 1346 (2d Cir. 1990) ("substantial prejudice results from antagonistic defenses" only if it can be said that the jury, in order to believe the core of testimony offered on behalf of [one] defendant, must necessarily disbelieve the testimony offered on behalf of his co-defendant.") (internal quotation marks omitted; alteration in original). Indeed, even "when two defendants both claim they are innocent and each accuses the other of the crime," the Supreme Court has concluded that "defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials." *Zafiro*, 506 U.S. at 540.

Here, the claimed prejudice that will be suffered by Newman from Chiasson's exhibits will be incremental in comparison to the prejudice resulting from the evidence that the Government seeks to introduce showing Newman's receipt of material, nonpublic information ("Inside Information"). Specifically, the Government intends to offer at trial dozens of exhibits showing that Newman received Inside Information by email from his analyst Tortora, some of which contained the most incriminating Inside Information in the case, namely Inside Information as to Dell, Inc. and NVIDIA Corporation. To the extent that Chiasson successfully introduces additional emails showing the same thing – that Newman received *other* Inside Information directly from Tortora by email – the additional prejudice will not be "substantial."

This is true even if the Government would be precluded from offering those same emails because it has voluntarily agreed to limit the numbers of stocks about which it will allege the defendants trafficked in Inside Information as part of its case in chief. *See United States* v. *Carson*, 702 F.2d 351, 367 (2d Cir. 1983) ("the fact that evidence may be admissible against one defendant but not against another does not necessarily require a severance."); *United States* v.

3

*Ghavami*, 10 Cr. 1217 (KMW), 2012 WL 4735716, at *1 (S.D.N.Y. Oct. 4, 2012) (same; denying severance motion).

Further, to the extent that Chiasson is able to introduce emails showing that Tortora passed information that was not Inside Information to Newman, whereas Adondakis did not pass such "innocent" information to Chiasson by email, Newman will not suffer prejudice because the evidence itself is not incriminating.[3]

Newman's suggestion that Chiasson be limited in the manner in which he presents the emails to the Court – namely through a summary chart only – could ameliorate Newman's concern about the jury "rummag[ing] through more than 1,000 individual emails" and "reaching conclusions about a large number of exhibits without Mr. Newman having had a realistic opportunity to address them." Newman Mem. at 3-4. But it is difficult for the Government to assess whether this is a workable solution because it has not seen the chart or underlying emails. Thus, if Chiasson's chart inaccurately summarizes the underlying evidence, or presents the evidence in a misleading fashion, the Government may need to introduce the underlying emails to demonstrate the manner in which the chart is inaccurate or misleading.[4] Chiasson's objection to Newman's suggestion that he not be limited to presenting this evidence in summary fashion because he wants to use the underlying emails to cross-examine the Government's witnesses

---

[3]  It is unclear how such emails would be relevant given Second Circuit precedent that prior instances of lawful behavior are irrelevant and inadmissible as proof of the defendant's innocence. *See, e.g., United States v. O'Connor*, 580 F.2d 38, 43 (2d Cir. 1978) (holding that a meat inspector charged with accepting bribes from meat packing companies while performing his official duties could not introduce evidence that various meatpackers had *not* paid him bribes); *United States v. Fazio*, 2012 WL 1203943, *5 (S.D.N.Y. April 11, 2012) ("As many courts have made clear, a defendant may not affirmatively try to prove his innocence by reference to specific instances of good conduct.").

[4]  The Government reserves the right to argue that the summary chart does not accurately summarize the underlying emails, that none of, or only a portion of, the underlying emails are admissible, or that testimony about any "statistical" analyses of the emails ventures beyond mere summary evidence and constitutes impermissible expert testimony.

4

misses the point. It is not feasible for Chiasson to question the Government witnesses about more than 1,000 emails, and it is highly unlikely that Chiasson seriously intends to present 1,000 emails to the cooperating witnesses in order to make the simple point that Adonadkis did not forward all the emails he received from the Analyst Coconspirators to Chiasson, whether they contained Inside Information or not.

Finally, the Court can provide a limiting instruction to cure any prejudicial spillover from the evidence introduce by Chiasson. *See Zafiro*, 506 U.S. at 539 (limiting instruction "often will suffice to cure any risk of prejudice"); *Ghavami*, 2012 WL 4735716, *1 ("[L]imiting instructions to the jury have emerged as the preferred device for curing any prejudicial spillover that may result from a multi-defendant, multi-count trial.") (internal quotation marks and citation omitted). Contrary to Newman's stated concerns, "there is no reason to abandon the presumption that a jury will abide by the instructions provided to it." *Id.* at *2.

## CONCLUSION

For the reasons set forth above, the Government respectfully submits that the Court should deny Newman's renewed motion for severance.

Dated: October 16, 2012
      New York, New York

                      Respectfully submitted,

                      PREET BHARARA
                      United States Attorney

By: _____
     Antonia M. Apps
     Richard C. Tarlowe
     John T. Zach
     Joshua A. Naftalis
     Assistant United States Attorneys
     Tel. No.: (212) 637-2198/2330/2410/2310