UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x
                                 :

UNITED STATES OF AMERICA      :
                                 :

         v.             :
                                 :     Case No. 12 Cr. 121 (RJS)

TODD NEWMAN, and          :
ANTHONY CHIASSON,       :
                                 :
                                 :

         Defendants.       :
-----------------------------------------------------x

# PROPOSED JOINT EXAMINATION OF PROSPECTIVE JURORS

## October 18, 2012

## I.   __INTRODUCTION__

Good afternoon, ladies and gentlemen.  Welcome to the United States District Court for the Southern District of New York.  My name is Richard Sullivan, and I will be the judge presiding over this matter.

Thank you for being here.  Jury service is one of the most important duties of citizenship, and our system of justice depends on citizens who are willing to meet their civic responsibilities.  And so while I know that this may not be the most convenient time for some of you to be here, your presence is important, and we are grateful to all of you for being here.

The case today is a criminal case.  It is entitled:

*United States of America v. Todd Newman and Anthony Chiasson.*  The trial is anticipated to last approximately five to six weeks.

As jurors, your function in our system of justice is to give the parties a fair trial. To do so, you must be free from any preconceived notions or sympathies or prejudices that might prevent you from returning a fair and just verdict.

To give the parties in this action some comfort that there is nothing in your background that might improperly affect you as a juror, I will be asking some questions of you. Although some of the questions may appear personal, the purpose of the questioning is not to embarrass you; it is simply to develop enough information so that we can determine whether you will sit as a juror in this particular case.

After I ask my questions, some of you may be excused "for cause."  That just means that a good reason exists as a matter of law for you not to sit as a juror in this case.  For example, if one of you is related to one of the lawyers, you would be excused "for cause."

–2–

Others of you may later be excused based on what we call "peremptory challenges."  Under our system, through peremptory challenges, the parties have the right to excuse a number of potential jurors without giving any explanation.

## II.   OATH

Before I begin my questions, I will ask all of the prospective jurors to stand so that [*NAME*], my law clerk, can administer the oath that you will respond truthfully and completely to my questions.

*[Law Clerk administers the oath.]*

## III.   FILLING THE BOX

We will have twelve jurors as well as three alternates.  We will start the questioning with thirty-two of you, randomly selected, to sit in the jury box and the first two rows on the right side of the Courtroom.  I will be directing my questions at these first thirty-two individuals.  As to these individuals, if your answer to any of my questions is "yes," please raise your hand when that question is asked.  You should also say so if you would feel uncomfortable giving your answer in open court.

*You have been handed a written questionnaire that you may follow as I ask questions.  You are not to fill it out.  It is merely provided to be an aid to you and to others who have not been called yet.  Again, if any of you among the first 32 have affirmative answers to any questions, you should raise your hand after I have read that question.*

*To those individuals who are not among the first thirty-two people selected, you should also listen carefully to my questions, and follow along on the questionnaire, because some of you will be called upon to take the place of those who are excused for cause.  If you do*

–3–

*end up taking a seat, I will ask you to refer to the questionnaire and quickly tell me if you have any affirmative answers to questions in the questionnaire.*

Once I have resolved all the challenges for cause, the parties will exercise their peremptory challenges.  Fifteen of the thirty-two will be left, and they will be our jury and three alternates.

[*NAME*], will you bring up the first thirty-two individuals?

I.   **SUMMARY OF THE CASE**

This is a criminal case involving allegations of insider trading.  The defendants TODD NEWMAN and ANTHONY CHIASSON are charged with federal crimes in an Indictment.  The Indictment is not evidence.  It simply contains the charges that the Government is required to prove to the satisfaction of the jury beyond a reasonable doubt.  I would now like to summarize the charges in this case in order to determine whether there is anything about the nature of this case that may make it difficult or inappropriate for any of you to serve on the jury.

The Indictment contains a total of ten counts.  You will hear a lot more about these charges in the coming days, but let me now provide you with a brief summary of the allegations in this case.  Count One of the Indictment charges defendants TODD NEWMAN and ANTHONY CHIASSON with conspiring, that is agreeing with each other and with others, to violate the federal statute that makes it unlawful to commit securities fraud.  Specifically, Count One charges that TODD NEWMAN and ANTHONY CHIASSON,  acting with criminal intent, agreed to receive from their research analysts material, nonpublic information about publicly-traded technology companies, including Dell, Inc. ("Dell") and Nvidia Corporation ("Nvidia"), which they would use to execute securities transactions.  Counts Two through Five of the

– 4 –

Indictment charge that defendant TODD NEWMAN committed securities fraud through trading in the stock of Dell and Nvidia on the basis of material, nonpublic information.  Counts Six through Ten of the Indictment charge that defendant ANTHONY CHIASSON committed securities fraud through trading in the stock of Dell and Nvidia on the basis of material, nonpublic information.

**II.**     **QUESTIONS ABOUT THE CASE**

1.      Do any of you know anything about the facts of this case?

2.      Have any of you heard, read, or seen anything that for any reason would prevent you from rendering a fair and impartial judgment in this case?

3.      Have any of you formed an opinion that the actions charged in the Indictment, as I have described it to you, should not be a crime, or that the law governing these offenses should not be enforced, or that these crimes should not be prosecuted by the United States Government?

4.      Does the fact that the charges involve the securities industry or fraud alleged to have been committed in connection with the securities industry make it difficult for any of you to render a fair verdict?

5.      Do you read the news about fraud, insider trading, or alleged misconduct by individuals in the securities or finance industry?  If so, will anything that you read or saw affect your ability to be fair and impartial in this case?

6.      Let me now ask you a few questions relating to the Government's regulation of the securities industry:

   a.   Do any of you believe that the securities industry should not be regulated by the federal government?

–5–

b.  Do any of you believe that purchasing or selling securities based on material, nonpublic information, otherwise known as insider trading, should not be illegal?

c.  Do any of you feel that insider trading should not be enforced criminally by the federal government?

d.  Does any juror feel that he or she could not decide fairly and impartially a case involving insider trading, or trading relating to securities of a public company?

### III.   PARTIES AND COUNSEL

7.     As I have said, the defendants in this case are TODD NEWMAN and ANTHONY CHIASSON.  [*Please ask the defendants to stand.*]  Do any of you know, or have you had any dealings, directly or indirectly, with either of the defendants, or with any relative, friend, or associate of the defendants?  To your knowledge, do any of your relatives, friends, associates, or employers know the defendants?

8.     Defendant TODD NEWMAN was a portfolio manager for a hedge fund known as Diamondback Capital, and Defendant ANTHONY CHIASSON was a co-founder and manager of a hedge fund known as Level Global Investors.  Have any of you had any dealings, either directly or indirectly, with Diamondback or Level Global?

9.     Defendant TODD NEWMAN is represented in this case by Stephen Fishbein, Esq. and John Nathanson, Esq. of the law firm of Shearman & Sterling LLP.  Defendant ANTHONY CHIASSON is represented by Reid Weingarten, Esq. and Michelle Levin, Esq. of the law firm of Steptoe & Johnson LLP, and by Gregory Morvillo, Esq. of the law firm of Morvillo LLP.  [*Please ask the attorneys to stand.*]  During the jury selection process, defendants' counsel will be assisted by their consultant, Dennis Donoghue.  [*Please ask Mr.*

– 6 –

*Donoghue to stand*.]  Do any of you know any of these individuals or have you had any dealings, either directly or indirectly, with them or anyone associated with their firms?

10.     The Government is represented here, as in all cases where it is a party before the Court, by the United States Attorney for the Southern District of New York, who is Preet Bharara.  The conduct of the trial will be in the immediate charge of Assistant United States Attorneys Antonia Apps, Richard Tarlowe, and John Zach.  [*Please ask the AUSAs to stand*.] With them at counsel table is [*NAME*], a Special Agent with the FBI.  [*Please ask the Special Agent to stand*.]  At times during the trial, the Government also will be assisted by Jared Hoffman and Kaitlin Paulson, paralegals with the United States Attorney's Office.  [*Please ask Mr. Hoffman and Ms. Paulson to stand*].  Do any of you know any of these individuals, or have you had any dealings, either directly or indirectly, with any of them?

11.     Does any juror know or has he or she had any dealings, either directly or indirectly with any of the following individuals and entities who may be called as witnesses or whose names may come up during the trial?





xviii.
xix.
xx.
xxi.
xxii.
xxiii.
xxiv.
xxv.
xxvi.
xxvii.
xxviii.
xxix.
xxx.
xxxi.
xxxii.
xxxiii.
xxxiv.
xxxv.
xxxvi.
xxxvii.
xxxviii.
xxxix.
xl.
xli.
xlii.
xliii.

xliv.  Dell, Inc.

xlv.  Nvidia Corporation

xlvi.  Taiwan Semiconductor Manufacturing Company

xlvii.  Advanced Micro Devices

xlviii.  Intel Corporation

xlix.  Altera Corporation

l.  Sun Microsystems

li.  Texas Instruments Inc.

lii.  Western Digital Corporation

liii.  Volterra Semiconductor Corporation

liv.  PMC Sierra, Inc.

lv.  Ingram Micro Inc.

lvi.  TE Connectivity Ltd.

lvii.  Primary Global Research ("PGR")

lviii.  VistaResearch

lix.  TriBeCa Research

lx.  Morgan Stanley

lxi.  Whittier Trust Company

lxii.  Diamondback Capital

lxiii.   SAC Capital
lxiv.   Neuberger Berman
 lxv.   Prudential Financial, Inc.
lxvi.   Level Global Investors
lxvii.  Sigma Capital

[The Parties will provide the Court with a list of additional prospective witnesses and names that may be mentioned during trial.]

## IV.   QUESTIONS SPECIFIC TO THE CASE

12.   Have any of you, or your family members or close friends, ever worked in the securities industry?

13.   Have any of you, or your family members or close friends, ever worked for the United States Securities and Exchange Commission ("SEC"), the Financial Industry Regulatory Authority ("FINRA"), the National Association of Securities Dealers ("NASD"), or the New York Stock Exchange?

14.   Do you have any impressions, positive or negative, of people who work on Wall Street, that is to say, in the financial industry, including investment banking or hedge funds?

15.   Is there anything about what you have heard, read, seen or experienced with regard to the recent economic crisis that would affect your consideration of the case in any way?

16.   Have you or anyone close to you lost money, lost a job, or otherwise suffered as a result of the recent economic crisis?

17.   Have you or anyone close to you ever brought a claim against a broker, investment advisor, or other person or firm in the financial industry?

18.   In this case, there will be a lot of testimony about investing, finance, financial reporting, investor relations, and buying and selling stocks. Do any of you have knowledge of any of these subjects, either through education, work experience, interest, or otherwise?

19.     You will hear evidence in this case about hedge funds, their practices, their role in the market, and the significant money involved in hedge fund trading and compensation earned by hedge fund managers.  Have you heard, read or seen anything about any case involving hedge funds or hedge fund managers?

20.     Have you or anyone close to you ever been employed by a hedge fund, or by another financial institution that traded securities?

21.     Have you or anyone close to you ever invested with a hedge fund?

22.     Would the fact that the charges in this case involve allegations of fraud at hedge funds affect your consideration of this case in any way?

23.     Do you believe that you can be fair and impartial in a case in which a hedge fund manager who was paid large amounts of compensation is charged with a crime?

24.     Do you have any feelings or beliefs about whether the stock market is fair to all investors?

25.     Have you or anyone close to you ever had a negative experience trading in the stock market, or a negative experience with a broker or manager who was trading on your behalf?

26.     Have you or anyone close to you ever lost money on an investment?  If so, did you blame anyone for the loss?

27.     There will be testimony about particular companies that operate in the information technology sector. Have any of you, or any member of your family or close friends ever worked for a tech company, or bought and sold stock or otherwise invested in a tech company?

## V.      RELATIONSHIP WITH GOVERNMENT

28.      Do any of you know, or have any association -- professional, business, or social, direct or indirect -- with any member of the staff of the United States Attorney's Office for the Southern District of New York, the Securities and Exchange Commission, known as the SEC, or the FBI?

29.      Are you or any member of your family or close friend employed by any other federal department or agency, any law enforcement agency, prosecutor's office, or any securities regulatory agency, whether federal, state or local?

30.      Are you or any member of your family or any close friend employed by a stock exchange or a business that is involved in the purchase and sale of securities?

31.      Have you or any member of your family or any close friend ever applied for a position with any law enforcement or securities regulatory agency?

32.      Do any of you have any bias, prejudice or other feelings for or against the United States Attorney's Office, the SEC, the FBI, or any other law enforcement or securities regulatory agency?

## VI.      RELATIONSHIP WITH DEFENSE

33.      Have you, or any member of your family, ever been employed by a criminal defense lawyer or private investigator?

34.      Do you have any bias, prejudice, or other feelings for or against criminal defense attorneys or law firms that specialize in criminal defense?

VII.   **PRIOR JURY SERVICE**

35.    Have any of you ever served as a juror before in any type of case?  If so, please state whether the case was in state or federal court, whether it was a civil or criminal matter, and, without telling us what the verdict was, whether a verdict was reached.

36.    Have any of you served as a grand juror?  If so, please indicate where and when you served, and describe, in general terms, the kind of cases you heard.

37.    For those of you who have described prior jury service, is there anything about your prior experiences as a juror that would prevent you from acting as a fair and impartial juror in this case?

VIII.  **VICTIM OF A CRIME**

38.    Have you, or any family member or close friend, ever been the victim of a crime, or ever pressed criminal charges against someone, or tried to press criminal charges against someone?  If any of you feel uncomfortable answering this question in open court, please say so.

39.    If so, please describe the circumstances, including the type of crime, when it happened, and the outcome of any law enforcement action.

40.    Is there anything about that experience that could affect your ability to be fair and impartial in this case?

41.    As I explained, the defendants here are charged with fraud.  Has anyone been the victim or known a victim of fraud?

42.    Have you or any member of your family or any close friends ever been harmed by dishonesty in business?

-12-

43.    Have you ever felt that you or anyone close to you was taken advantage of in a business or financial transaction?

## IX.    PRIOR EXPERIENCE WITH THE COURT SYSTEM

44.    Are you, or any of your family members or close friends, attorneys or employees of a law firm?

45.    Have you, or any member of your family or any close friends, ever participated in a state or federal court case, whether criminal or civil, as a witness, plaintiff, or defendant?  If so, what kind of case?  And, what was your role in that case?

46.    Is there anything about that experience that would prevent you from acting as a fair and impartial juror in this case?

47.    Have you, or a relative or close friend, ever been charged with a crime?  If so, is there anything about that experience that would prevent you from acting as a fair and impartial juror in this case?  Again, if you would prefer not to give your answer in open court, please say so.

48.    Have you, or a relative or close friend, ever been the subject of any investigation or accusation by any grand jury, state or federal, or any other investigation?  If so, is there anything about that experience that would prevent you from acting as a fair and impartial juror in this case?

49.    Have you, or a relative or close friend, ever been subpoenaed for any inquiry or investigation?  If so, is there anything about that experience that would prevent you from acting as a fair and impartial juror in this case?

50.     Have you, or a relative or a close friend, ever been questioned in any matter by the United States Department of Justice, the United States Attorney's Office for the Southern District of New York, or the Federal Bureau of Investigation?

51.     Has any juror or any relative or close friend ever been involved or appeared as a witness in any investigations by the SEC, the Financial Industry Regulatory Authority, known as FINRA, the National Association of Securities Dealers, known as NASD, or the New York Stock Exchange, or been questioned in any matter by investigators for such agencies?

52.     Have you, or any family member, either as an individual or in the course of business, ever been a party to any legal action or dispute with the United States, any officer, department, agency, or employee of the United States, the SEC, the Internal Revenue Service (the "IRS"), or the FBI, or had any interest in any such legal action or dispute or its verdict?

53.     Have you, or has any member of your family, either as an individual or in the course of his or her business, had involvement with the SEC or had contact with FINRA, the NASD or the New York Stock Exchange?  Would anything about such experience make it difficult for you to hear this case fairly?

54.     Have you, either through any experience you have had or anything you have seen or read, developed any bias or prejudice for or against the United States Department of Justice, the United States Attorney's Office for the Southern District of New York, or the Federal Bureau of Investigation?

## X.     <u>WITNESSES AND EVIDENCE</u>

55.     The witnesses in this case may include law enforcement personnel, including Special Agents of the FBI.  Would you be more likely to believe or disbelieve a witness merely

because he or she is a law enforcement officer?  Can each of you agree to consider testimony from such witnesses fairly and impartially?

56.     You will also hear testimony in this case from witnesses who were involved in certain activities described in the Indictment and who pled guilty to crimes and entered into a cooperation agreement with the Government.  Do any of you have feelings about such witnesses that would affect your ability to be fair and impartial in this case?

57.     You may hear evidence in the form of audio recordings of telephone conversations and meetings which were obtained without the knowledge of certain parties to the conversations but with either (1) the consent of one of the participants in the conversation or (2) the consent and authorization of the Court.  These so-called consensual recordings and wiretaps were lawfully obtained.  The use of these procedures to gather evidence is lawful, and the Parties are entitled to use the recordings in this case.  Do you have any feelings about the use of consensual recordings or wiretaps that would make it difficult for you to render a fair and impartial verdict?

## XI.     TRIAL ADMINISTRATION

58.     I expect this trial to take approximately six weeks.  Do any of you have any physical or personal problems that would prevent you from serving in this case for the time period that I have indicated?

59.     Do any of you have any difficulty with your sight or hearing that could affect your ability to follow these proceedings?

60.     Are any of you taking any medication that would prevent you from giving full attention to all of the evidence at this trial?

61.     Do any of you have any difficulty understanding or reading the English language?

62.     Do any of you have any religious, moral, or ethical beliefs that would prevent you from passing judgment on another person or determining the credibility of any witness?

63.     Have you, either through any experience you have had or anything you have seen or read, developed any bias or prejudice, positive or negative, based on race or national origin that may inhibit your ability to be a fair and impartial juror in this case?

64.     I don't know if the case will generate any publicity, but if it does, will each of you accept the proposition that you should absolutely avoid reading about this case in the newspapers or listening to any radio, television or news reports – including social media like Facebook, Twitter, texts and blogs - concerning the case until after it is over?  If not, please raise your hand.

## XII.   BASIC LEGAL PRINCIPLES

65.     As explained at the outset, the Government's allegations and the Indictment in this case are not evidence.  They simply describe the charges made against defendants TODD NEWMAN and ANTHONY CHIASSON.  The fact that the defendants have been indicted cannot be given any weight at all in deciding whether the defendants are innocent or guilty.  Can you accept this principle of law and follow these instructions?

66.     Under the law, the facts are for the jury to decide and the law is for the Court. The two areas are separate and distinct.  At the end of the case, I will instruct the jury on the law, and the jury is required to accept the law as I explain it.  If you are on the jury, you must accept the law as I explain it, even if you disagree with my explanation of the law.  Does anyone believe that he or she would have any difficulty following this instruction?  If so, please raise your hand.

67.    The defendants are not on trial for any acts or conduct except that which is charged in the Indictment.  Would any of you have difficulty accepting and applying this rule of law?

68.    Under the law, a defendant is presumed to be innocent and cannot be found guilty of the crime charged in the indictment unless a jury, after having heard all of the evidence in the case, unanimously decides that the evidence proves that defendant's guilt beyond a reasonable doubt.  Would any of you have difficulty accepting and applying this rule of law?  If so, please raise your hand.

69.    I will also instruct the jury that as you consider whether the Government has met its burden of proof, you must consider each defendant separately, based only on the evidence or lack of evidence applicable to that particular defendant.  You may find the Government has met its burden for one defendant and not.  Is there anyone who feels he or she cannot evaluate each defendant separately?  Can everyone here determine each defendant's guilt or innocence based solely on the evidence, or lack of evidence, presented against each defendant without regard to the guilt or innocence of any other defendant?

70.    In a criminal case the burden of proof remains with the prosecution.  For the jury to return a verdict of guilty against the defendant, the prosecution must prove beyond a reasonable doubt that the defendant is guilty.  A person charged with a crime has absolutely no burden to prove that he or she is not guilty.  Would any of you have difficulty accepting and applying this rule of law?  If so, please raise your hand.

71.    A defendant in a criminal case has the right not to testify.  If either of the defendants here does not testify, the jury may not draw any inference against him based on his

decision.  The fact that a defendant chooses not to testify may not enter into the jury's deliberation at all.  Would any of you have difficulty accepting and applying this legal principle?  If so, please raise your hand.

72.     You are required by law to make your decision based solely on the evidence or lack of evidence presented in court, and not on the basis of conjecture, suspicion, sympathy, or prejudice.  Would any of you have difficulty accepting and applying this rule of law?  If so, please raise your hand.

73.     Under the law, the question of punishment is for the Court alone -- for me -- to decide, and thus the issue of punishment must not enter into your deliberations as to whether the defendant is guilty or not guilty as charged.  Would any of you have difficulty accepting and applying that proposition?  If so, please raise your hand.

74.     It is not a particularly pleasant duty to find another individual guilty of committing a crime.  Do any of you feel that, even if the evidence established the defendant's guilt beyond a reasonable doubt, you might not be able to render a guilty verdict against him for reasons unrelated to the law and the evidence?  Do any of you have any religious, philosophical, or other belief that would make you unable to render a guilty verdict for reasons unrelated to the law and the evidence?

75.     Do any of you feel or believe that, if the evidence does not establish or prove the defendants' guilt beyond a reasonable doubt, you would for whatever reason be unable or unwilling to render a verdict of not guilty?

76.     Do any of you believe that our system of criminal justice improperly favors either the prosecution or the defense?

-18-

77.     The fact that this case is brought in the name of the United Stated entitles the Government to no greater and no less consideration than the defendants in this case.  Are any of you unable to accept and follow that instruction?

78.     In these questions, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror.  Apart from any prior question, does any juror have the slightest doubt in his or her mind, for any reason whatsoever, that he or she will be able to serve conscientiously, fairly, and impartially in this case, and to render a true and just verdict without fear, favor, sympathy, or prejudice, and according to the law as it will be explained to you?

*   *   *

From time to time during the trial it may become necessary for me to talk with the lawyers out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom -- what we call a "sidebar" -- or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of any conference outside your viewing is not to keep relevant information from you, but to decide certain procedural issues or how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Now, we will be going to sidebar to discuss whether any jurors should be struck for cause.

*[Discuss and resolve for-cause challenges at sidebar.]*

*[Replace struck jurors.  Ask replacement jurors if they have any affirmative answers to the questionnaire.  Resolve any additional for-cause challenges.]*

## XIII.    QUESTIONS FOR INDIVIDUAL JURORS

-19-

I'm now going to ask each of you a few questions designed to give the Parties a better idea of you as a person.

79.    What is your county of residence?

80.    What is the highest level of schooling you have completed?

81.    What is your present employment?  How long have you held your current position?  If retired, what did you do before?

82.    Do you have a spouse or partner?  If so, how is he or she employed?

83.    Do you have any children?  How old are they?  If they are adults, how are they employed?

84.    Is there anyone else living in your household?  Who?  What do they do for a living?

85.    What type of magazines, newspapers, and books do you read on a regular basis?

86.    What television programs do you watch on a regular basis?

87.    Do you belong to any associations or clubs or unions?

88.    What do you do in your spare time?

**XIV.    <u>SUMMARY QUESTION</u>**

89.    As you can tell from my prior questions, the fundamental issue here is whether there is anything in your personal history or life experience that would prevent you from acting as a fair and impartial juror.  So let me ask you one final time, is there anything -- whether I have asked specifically about it or not -- that would affect your ability to render a fair and impartial verdict in this case?

*    *    *

Now, we will be going to sidebar to discuss the peremptory challenges that the Parties

may have.

> *[Discuss and resolve peremptory challenges at sidebar.]*

## XV.   <u>SECOND OATH</u>

> [*NAME*] will now swear in the jury.

> *[Following the oath, the Court will give the attached preliminary instructions to the jury.]*