UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
                                                               :
UNITED STATES OF AMERICA,                         :
                                                               :
            - v. -                                         :
                                                                 :
TODD NEWMAN, and                               :            No. 12-CR-00121 (RJS)
ANTHONY CHIASSON,                           :

                                                               Defendants.                :
------------------------------------------------------------ x

## REPLY MEMORANDUM OF LAW OF DEFENDANT TODD NEWMAN IN SUPPORT OF RENEWED MOTION FOR SEVERANCE

Stephen Fishbein
John A. Nathanson
Sara A. Ricciardi
Shearman & Sterling LLP
599 Lexington Avenue
New York, NY 10022-6069
(212) 848-4000

*Attorneys for Defendant Todd Newman*

Defendant Todd Newman respectfully submits this reply memorandum of law in support of his renewed motion for severance or, in the alternative, for an order precluding defendant Anthony Chiasson from entering into evidence hundreds of emails showing the communication of company-specific information to Mr. Newman.

## ARGUMENT

### I.   THE PREJUDICE TO MR. NEWMAN REQUIRES SEVERANCE OR EXCLUSION OF THESE EXHIBITS

The government argues that any prejudice to Mr. Newman from Mr. Chiasson's proposed exhibits would be incremental.[1] (Government's Response to Defendant Todd Newman's Renewed Motion for Severance ("Response"), at 3, Docket No. 157)  We disagree.

First, the sheer volume of the exhibits would require Mr. Newman to analyze, address and explain hundreds of communications that the government itself has not sought to introduce at trial.  It is one thing to be required to address the "dozens of exhibits" that the government states it intends to offer into evidence as to Mr. Newman (Response, at 3) and quite another to have to commence, at the eleventh hour, to undertake a defense as to *hundreds* of exhibits offered by a co-defendant.  Moreover, as noted in Mr. Newman's opening brief, the volume alone would be highly prejudicial given the risks inherent in having the jury rummage through these emails and draw unfounded conclusions.  (Memorandum of Law of Defendant Todd Newman In Support of Renewed Motion for Severance, at 3-4, Docket No. 146.)

---

[1]   The government contends that it cannot take a position as to the admissibility of the Chiasson exhibits because they have not been specifically identified among the universe of defense exhibits. (Response, at 1.)  The exhibits at issue were described in Mr. Newman's opening brief as well as Mr. Chiasson's response.  In any event, Mr. Newman attaches as Exhibit A, filed herewith, a schedule of several hundred emails that we have identified as being among those we understand that Mr. Chiasson will use at the trial.  (*See* Declaration of Stephen Fishbein, dated October 19, 2012, Ex. A.)  This is not an exhaustive list; it is a representative sample of the exhibits at issue.

Second, the prejudice to Mr. Newman is compounded by the fact that many of the exhibits relate to time periods, sources of information, or stocks that go beyond the government's charges as set forth in the Superseding Indictment and Final Bill of Particulars.  Indeed, the government suggests that the "dozens of exhibits" it intends to offer as to Mr. Newman relate largely to Dell and NVIDIA.  (Response, at 3.)  These are stocks that have been at issue since the original indictment was filed.  Mr. Chiasson, by contrast, proposes exhibits relating to numerous stocks beyond the original two and even beyond the eleven that the government subsequently added.  As the Court is aware, the number of stocks at issue as well as the relevant sources of information and the time periods of the charged conspiracy as to each stock in the case have been delineated and narrowed precisely to enable defendants to mount an appropriate defense.  The prejudice of undoing that is simply too great, particularly at this late juncture and given the relatively minor benefit Mr. Chiasson would gain from these exhibits.

Third, Mr. Chiasson intends to argue that these emails (which Mr. Adondakis did not share with Mr. Chiasson) reflect circumstances in which Mr. Adondakis "*hid* from Mr. Chiasson that such information *came from inside sources*."  (Defendant Anthony Chiasson's Response to Defendant Todd Newman's Renewed Motion for Severance, at 1, Docket No. 148 (second emphasis added).)  Apparently, Mr. Chiasson regards these emails as supportive of his defense precisely because, in his view, they contain improper information.  Thus, regardless of what the government might argue, the depiction of these emails by Mr. Newman's own co-defendant as being improper would substantially and unfairly prejudice Mr. Newman.  The jury will expect *the government* to argue that the emails are improper, and Mr. Newman is prepared to defend against those charges.  It is quite another matter for *another defendant* to argue that several hundred emails received by Mr. Newman were improper.

**CONCLUSION**

For the reasons set forth herein and those set forth in Mr. Newman's opening brief, the Court should grant Mr. Newman's renewed motion for severance or, in the alternative, preclude Mr. Chiasson from entering into evidence the emails underlying his statistical analysis.

Dated: New York, New York
October 19, 2012

Respectfully submitted,

SHEARMAN & STERLING LLP

By: __/s/ Stephen Fishbein__
     Stephen Fishbein

Stephen Fishbein
John A. Nathanson
Sara A. Ricciardi
599 Lexington Avenue
New York, NY 10022-6069
(212) 848-4000

*Attorneys for Defendant Todd Newman*

3