UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                 :
UNITED STATES OF AMERICA                                         :
                                                                 :       S2 12 Cr. 121 (RJS)
            - v. -                                               :
                                                                 :
TODD NEWMAN and                                                  :
ANTHONY CHIASSON,                                                :
                                                                 :
                        Defendants.                              :
                                                                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

# THE GOVERNMENT'S MOTION
# TO PRECLUDE CERTAIN AUDIO RECORDINGS

                                        PREET BHARARA
                                        United States Attorney for the
                                        Southern District of New York
                                        Attorney for the United States
                                              of America.

ANTONIA M. APPS
RICHARD C. TARLOWE
JOHN T. ZACH
JOSHUA A. NAFTALIS
Assistant United States Attorneys

The Government respectfully moves to preclude defendants Todd Newman and Anthony Chiasson from offering at trial certain consensual recordings made by the cooperating witnesses at the direction of the Federal Bureau of Investigation ("FBI"). Specifically, the defendants have identified as exhibits consensual recordings made by Jesse Tortora and Sam Adondakis with the analysts at other hedge funds who were part of the conspiracy (identified as "Analyst Coconspirators" in the Superseding Indictment). The other analysts who are recorded are not expected to be witnesses at trial. The recordings post-date the period of the charged conspiracy, and were made after significant publicity of the FBI's investigation concerning the cooperating witnesses' hedge funds. The Government seeks to exclude these recordings, and any transcripts thereof, on the grounds that they are inadmissible hearsay excludable under Federal Rule of Evidence 801, are irrelevant under Rule 401, and are unfairly prejudicial and/or create juror confusion under Federal Rule of Evidence 403.

## BACKGROUND

By way of example, the defendants have indicated that they intend to offer a December 1, 2010 consensual recording of a call between Jesse Tortora, a cooperating witness whom the Government intends to call at trial, and Danny Kuo, an Analyst Coconspirator whom the Government does not presently intend to call as a witness at trial.[1] (Exh. A hereto). This recording was made by Tortora at the direction of the FBI after news of the FBI's interest in expert networks used by the Analyst Coconspirators had broken, and, more importantly, after the

---

[1] The Government listed Danny Kuo as a witness on its witness list provided to the defendants on September 21, 2012, but has since informed the defendants that it does not expect to call Danny Kuo as a witness.

1

FBI raided Tortora's and Adondakis's hedge funds on November 22, 2011.[2] Indeed, Kuo references the fact that he saw "the news, on Bloomberg" in the recording. *See* Exh. A at 1; *see also id.* at 10 ("I saw the Bloomberg . . . news, and that, that freaks me out"). Kuo also repeatedly states on the call that he is concerned that Tortora's telephone is being taped. *See, e.g.*, Exh. A at 8 ("I have high suspicion that this phone line could be tapped."). During the call, Tortora and Kuo discuss possible defense strategies, such as reliance on "channel checks" or the "mosaic theory," Exh. A at 16, and whether or not Tortora's old firm was "throwing [him and Todd Newman] under a bus." *Id.* at 15.

## ARGUMENT

The defendants have declined to indicate for what purpose they will seek to offer these exhibits at trial. The calls contain a mixture of incriminating and (false) exculpatory statements by the out-of-court declarants. What is clear as an initial matter is that the recordings are hearsay as to the out-of-court declarants and must, therefore, by offered under a hearsay exception.

Accordingly, the defendants will likely seek to offer the statements on the recordings as evidence of the declarant's "then-existing state of mind" pursuant to Federal Rule of Evidence 803(3). That should not be permitted. The statements on the recordings are, in fact, irrelevant to the testifying cooperating witness's state of mind, because the recordings were an undercover ruse set up by the FBI. For example, on the recording referenced above, Tortora's statements primarily reflect instructions he received from the FBI for purposes of ultimately eliciting admissions from Kuo, whether on that particular call or subsequent ones. Thus, Tortora's

---

[2] *See also* Susan Pulliam, et al., WALL ST. J., "U.S. in Vast Insider Trading Probe," Nov. 20, 2010, at A1 (reporting criminal investigation of whether nonpublic information was passed by consultants at expert networks, such as Primary Global Research LLC, to hedge funds); Patricia Hurtado & Saijel Kishan, BLOOMBERG, "FBI Searches Offices of Level Global, Diamondback Funds," Nov. 22, 2010, *available at* http://www.bloomberg.com/news/2010-11-22/diamondback-capital-s-offices-in-connecticut-searched-by-fbi-agency-says.html.

statements simply are not probative of his state of mind and instead reflect FBI instructions given to him. The same is true for the other FBI-directed consensual recordings marked by defense counsel as trial exhibits.

As to the non-testifying Analyst Coconspirator, any exculpatory statements being uttered by him are being made after wide-spread publicity of criminal investigations into relevant expert networks and the very hedge funds with whom the non-testifying Analyst Coconspirator shared material, nonpublic information. Plainly, such statements are not an indication of the Analyst Coconspirators' true "then-existing state of mind" during the conspiracy.

Finally, the recordings are unfairly prejudicial and could cause juror confusion. First, members of the jury may object to the notion that the FBI is recording individuals without telling them, or that cooperating witnesses engaged in deceptive behavior at the direction of the FBI, even though these are entirely permissible law enforcement techniques. Second, while the recordings do not reflect the cooperating witnesses' state of mind because they are at the direction of the FBI, the jury may not appreciate that distinction when the tapes are being played. Third, with respect to the non-testifying Analyst Coconspirator's statements, denials of liability – particularly after publicity of the FBI's investigation – are commonplace in a criminal investigation, yet there is a risk that they may be given undue weight in a criminal trial.

**CONCLUSION**

For the reasons set forth above, the Government respectfully submits that the Court should preclude the defendants from offering at trial consensual recordings made by the cooperating witnesses after they started cooperating with the Government.

Dated: October 22, 2012
      New York, New York

                              Respectfully submitted,

                              PREET BHARARA
                              United States Attorney

By: _____
      Antonia M. Apps
      Richard C. Tarlowe
      John T. Zach
      Joshua A. Naftalis
      Assistant United States Attorneys
      Tel. No.: (212) 637-2198/2330/2410/2310