

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York   10007*

February 2, 2015

BY E-MAIL & ECF
The Honorable Richard J. Sullivan
United States District Judge
Southern District of New York
United States Courthouse
New York, New York 10007

> Re: **United States v. Todd Newman et al.**
>     **12 Cr. 121 (RJS)**

Dear Judge Sullivan:

    The Government writes respectfully in connection with the Court's Order of January 23, 2015, concerning the application by The New York Times Company ("The Times"), by letter dated January 22, 2015, to unseal a search warrant, a search warrant application, the supporting affidavits, returns on the executed warrant, the court order pertaining to the application, and any related materials (collectively, the "Warrant Material").

    The Warrant Material relates to a search conducted on November 22, 2010, at the Manhattan premises of Level Global Investors.  The search warrant was authorized by former Magistrate Judge Theodore H. Katz on November 21, 2010, and filed under seal. The Times has made similar applications in the magistrate courts of the District of Connecticut and the District of Massachusetts with respect to two search warrants arising from the same investigation that were executed simultaneously with the Level Global search warrant.

Hon. Richard J. Sullivan         -2-                February 2, 2015

    Courts weighing requests to unseal judicial documents like the Warrant Material have generally sought to balance, on the one hand, the common law presumption of access and the First Amendment right of access, and, on the other hand, the Government's interest in protecting an ongoing investigation and the privacy interest of third parties.  See, e.g., Lugosch v. Pyramid Co. of Onondaga, 435 F. 3d 110, 120 (2d Cir. 2006); Application of Newsday, Inc., 895 F.3d 74, 75 (2d Cir. 1990).

    Here, the Government does not assert an interest in continued sealing of the Warrant Material based on any pending investigation. We assume, however, that among the third parties who are identified in the Warrant Material, there will be those who wish to assert a privacy interest to support continued sealing.  Of course, those third parties are not necessarily aware that they can be identified in the Warrant Material.  We therefore had a series of discussions with counsel for The Times before and after the submission of its application in an effort to arrive at a solution that would satisfy these competing interests with maximum efficiency.  Based on those discussions, we now understand that The Times will narrow its application to seek only material that does not make reference to unindicted parties, and that the Times will similarly narrow its applications in the Districts of Connecticut and Massachusetts.

    Accordingly, with the Times's consent, the Government respectfully proposes to prepare a redacted set of the Warrant Material in which material that would likely identify any unindicted party will be redacted.  We will then present the proposed redactions ex parte to the Court so that Your Honor may decide whether unsealing along those proposed lines is appropriate.

    The parties have further agreed that the Government will submit its proposed redactions to the Court no later than February 13, 2015. We expect to propose a similar resolution in the other two Districts.

Hon. Richard J. Sullivan -3- February 2, 2015

        Respectfully submitted,

        PREET BHARARA
        United States Attorney

By:  <u>/s/ Harry A. Chernoff</u>
     Harry A. Chernoff
     James M. McDonald
     Assistant U.S. Attorneys
     (212) 637-2481/2405

cc:  David E. McCraw, Esq. (via email)
     All Defense Counsel (via ECF)