UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/25/15

UNITED STATES OF AMERICA

-v-

TODD NEWMAN, *et al.*,

                Defendant.

No. 12-cr-121 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

    The Court is in receipt of a letter motion from Defendant Chiasson (Doc. No. 433) seeking reconsideration of the Court's February 19, 2015 Order (Doc. No. 434 (the "February 19 Order")), which, *inter alia*, denied Chiasson's proposed redactions to the Warrant Materials (as defined in Doc. No. 431). The motion requests that the Court redact "certain items [that] were never publically disclosed as part of Mr. Chiasson's criminal trial," on the grounds that Defendant Chiasson has a privacy right "in preventing those uncharged, uncontested, one-sided allegations from being aired publically." (Doc. No. 433)

    As the Court noted in the February 19 Order, although this Circuit recognizes a right of public access to warrant materials, "[t]his right is not absolute . . . and may be limited or abrogated by 'competing considerations,' including the 'privacy interests of innocent third parties.'" (February 19 Order at 1 (quoting *United States v. All Funds on Deposit at Wells Fargo Bank in San Francisco, California, in Account No. 7986104185*, 643 F. Supp. 2d 577, 583 (S.D.N.Y. 2009); *Application of Newsday, Inc.*, 895 F.2d 74, 79–80 (2d Cir. 1990)).) The weight of the common law presumption of access to judicial documents "must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Wells Fargo*, 643 F. Supp. 2d at 584 (quoting *United States v.*

*Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)). Where, as here, the documents at issue "contain the information forming the basis for the probable cause determinations that were prerequisites for the issuance of the [search and] seizure warrants[, the] common law presumption of access to the affidavits is . . . entitled to great weight." *Id.* Accordingly, the Court must "order disclosure absent compelling reasons to deny access and even then must employ the least restrictive possible means of doing so." *Id.*

Here, the Court finds that Defendant Chiasson's asserted privacy right is not a "compelling reason" sufficient to overcome the presumption in favor of disclosure. Defendant's interest in restricting public access to the Warrant Materials is substantially more limited than any innocent third-party named therein. He was one of the targets of the investigation at the center of the Warrant Materials, and faced a 20-day trial at which the government disclosed evidence regarding Defendant's alleged insider trading. The mere fact that some facts alleged in the Warrant Materials were not presented at trial does not mean that Defendant Chiasson's privacy rights or right to a fair trial – should the government prevail on its petition for a rehearing in the Second Circuit – will be limited. The Court concludes that Defendant has not overcome the presumption favoring public access to judicial documents. Accordingly, IT IS HEREBY ORDERED THAT Defendant Chiasson's motion for reconsideration of the February 19 Order is DENIED. IT IS FURTHER ORDERED THAT the government shall publically file the redacted Warrant Materials by 5:00 p.m. on February 25, 2015. The Clerk of the Court is respectfully directed to terminate the motion pending at docket entry number 433.

SO ORDERED.

Dated:    February 24, 2015
         New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE